[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The court has reviewed the Stipulation of Facts, the evidence produced at trial and the applicable law. The court does not find that the matter is moot given the timing of the reconveyance. This is an action under the Connecticut Uniform Fraudulent Transfer Act. C.G.S. Secs. 52-552 et seq. ("UFTA") The statute provides that "a transfer is fraudulent as to a creditor whose claim arose before the transfer was made, if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent."
Here, the plaintiffs' claim arose before the 1997 transfer, and it was made for the repayment of an antecedent debt. Mr. Coughlin was insolvent at the time of the transfer, and it left him with no remaining assets. The record makes it apparent that Mrs. Coughlin had more than reasonable cause to believe that her husband was insolvent. All this has been proven by clear and convincing evidence.
Mrs. Coughlin's assertion that one prior transfer makes out a case of "conduct in the ordinary course of business" is not persuasive. In the prior transfer, the timing was suspicious, and even if not fraudulent, does not constitute sufficient pattern upon which the court may rely.
The Connecticut law is clear, though, that damages awarded against a fraudulent transferee is appropriate only where the transferee subsequently disposes of the transferred property and retains the proceeds. The amount of damages is limited to the proceeds a transferee retained from such a disposition. A transferee is not required to forfeit any more than was wrongfully obtained. Here, Mrs. Coughlin, reconveyed the property, and retained no proceeds. Therefore, judgment may not enter against her. Litchfield Asset Management Corp. v. Howell,70 Conn. App. 133, 2002.
Judgment shall enter in favor of the defendant, Stella Coughlin. CT Page 11939
As to the defendant Thomas Coughlin, judgment shall enter in favor of the defendant in the amount of $97,500.00, the value the defendants placed on the transferred assets. The court retains jurisdiction to address, in light of findings and judgment, any further damage remedies sought or opposed.
By the Court:
ELAINE GORDON, JUDGE CT Page 11940